**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Lisa Gutierrez

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA GUTIERREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WEBCOLLEX, LLC d/b/a CKS Financial,<br><br>Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF:<br><br>1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, et seq. ("FDCPA"); AND<br>2. THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, et seq;<br><br>JURY TRIAL DEMANDED |

///
///
///
///
///
///
///
///

# INTRODUCTION

1. Plaintiff LISA GUTIERREZ, individually and on behalf of all others similarly situated ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant WEBCOLLEX, LLC d/b/a CKS FINANCIAL ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that specifically pertain to a plaintiff, in which that plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of those statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in here took place in California.

5. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the statutes herein are material violations of said statutes as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

# JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the California Rosenthal Act, Cal. Civ. Code §§ 1788, et seq.

9. Because Defendant operates or does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Joaquin, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person, who resides within this district in the County of San Joaquin in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing; and is purportedly a debtor as that term is defined by California Civil Code § 1788.2(h). Plaintiff is also a natural person purportedly obligated to pay a debt and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a limited liability company organized under the laws of the State of Virginia with a principal place of business located at 510 Independence Pkwy Suite 300, Chesapeake, Virginia 23320.

13. Defendant is a collection agency, a self-described debt collector, and person, who uses an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a purported "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
17. At all times relevant, Plaintiff was a person residing in the State of California.
18. At all times relevant, Defendant conducted business in the State of California.
19. Sometime prior to March 2023, Plaintiff purportedly incurred a financial obligation to an original creditor, Upstart Network, Inc. Plaintiff is uncertain and does not concede that a debt is actually owed to the original creditor, Defendant, or its predecessor(s) in interest.
20. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "person" under Cal. Civ. Code 1788.2(g).
21. These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
22. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).
23. Sometime prior to March 2023, Plaintiff purportedly fell behind in the payments claimed to be owed on the alleged debt.
24. Upon information and belief, sometime prior to March 2023, Velocity Investments LLC, either directly or through intermediate transactions, assigned, placed or transferred an alleged debt to Defendant for purposes of collection.

25. Defendant regularly collects and/pr attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

26. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

27. Beginning on or around March 27, 2023, Defendant began initiating collection communications to Plaintiff in attempts to collect upon an alleged debt from Plaintiff.

28. Specifically, on March 27, 2023, Defendant sent Plaintiff a written collection communication via e-mail in attempt to collect upon an alleged debt from Plaintiff.

29. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

30. This communication by Defendant was a "debt collection" as that phrase is defined by Cal. Civ. Code 1788.2(b).

31. In this initial communication, Defendant represented to Plaintiff that "On 12/29/2022, the referenced account was placed with [Defendant's] office for collection" and demanded "payment in full" or alternatively instructed Plaintiff to "contact [Defendant's] office to discuss payment arrangements available on your account."

32. This collection communication from Defendant failed to advise Plaintiff of any right to dispute, or request verification of, the alleged debt.

33. This initial communication from Defendant, a third-party debt collector, failed to provide Plaintiff with proper written notice as required pursuant to 15 U.S.C. § 1692g of the FDCPA.

34. Defendant's collection communication failed to provide Plaintiff and, upon information and belief, the Class "a statement that if the consumer notifies the

debt collector in writing within the thirty-day period that the debt or any portion thereof is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" in violation of 15 U.S.C. § 1692g(a)(4).

35. Defendant 's collection communication misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under 15 U.S.C. § 1692g(a)(4) and thus through the above conduct, Defendant violated 15 U.S.C § 1692g.

36. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities. *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991). Defendant's collection communication is likely to mislead Plaintiff, and other least sophisticated consumers, since it overshadows and misrepresents the right to dispute and the dispute period provided by federal law.

37. This communication from Defendant, a third-party debt collector, failed to provide a required notice of debtor's rights to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a) in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendant, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant is a violation of the California Rosenthal Act.

38. Through the above conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by 15 U.S.C. § 1692g and Cal. Civ. Code § 1812.700(a), Defendant has violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with collection of an alleged debt from Plaintiff. This section is incorporated into the California Rosenthal Act

through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the California Rosenthal Act.

39. Through the above conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by 15 U.S.C. § 1692g and Cal. Civ. Code § 1812.700(a), Defendant has violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to attempt to collect an alleged debt from Plaintiff. This section is incorporated into the California Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the California Rosenthal Act.

40. Through the above conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by 15 U.S.C. § 1692g and Cal. Civ. Code § 1812.700(a), Defendant has violated 15 U.S.C. § 1692f by utilizing unfair or unconscionable means to collect an alleged debt from Plaintiff. This section is incorporated into the California Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the California Rosenthal Act.

41. In addition to the above, on or around April 4, 2023, at approximately 4:52 a.m., Defendant sent a text message to Plaintiff on Plaintiff's cellular telephone, in attempt to collect upon the alleged debt from Plaintiff.

42. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and constituted "debt collection" as that phrase is defined by Cal. Civ. Code 1788.2(b).

43. Upon information and belief, and due to the impersonal nature of the collection communication, this was an automated text message that Defendant similarly and/or simultaneously sent to numerous other consumers or debtors like Plaintiff.

44. Through this conduct, Defendant initiated telephonic communications to Plaintiff's cellular telephone at an inconvenient time before 8:00 a.m. or after

9:00 p.m. in violation of 15 U.S.C. § 1692c(a)(2). This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the Rosenthal Act.

45. Through the above conduct, Defendant engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the Rosenthal Act.

46. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

47. As a result of Defendant's above-described unfair, deceptive, false, misleading, and oppressive conduct in connection with its debt collection activities, Plaintiff suffered invasion of privacy, was confused, deceived, and misled by Defendant's debt collection communications and has suffered mental anguish, anxiousness, stress, fear, lost sleep and felt feelings of despair as a result of Defendant's conduct and communications.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other similarly situated consumers and their successors in interest (the "Class") with whom Defendant engaged in debt collection activities which are in violation of the FDCPA and/or the Rosenthal Act, as described in this Complaint. This action is properly maintained as a Class Action.

49. Plaintiff seeks to represent and is a member of the Class consisting of:

> All consumers with whom Defendant engaged in debt collection communications with utilizing an initial written

collection communication substantially similar to the e-mail sent to Plaintiff since (1) one year prior to March 27, 2023.

50. Plaintiff also seeks to represent and is a member of the California Sub-Class consisting of:

> All consumers in the State of California with whom Defendant engaged in debt collection activities with utilizing an initial written collection communication substantially similar to the e-mail sent to Plaintiff since (1) one year prior to March 27, 2023.

51. Plaintiff also seeks to represent and is a member of the Class consisting of:

> All consumers with whom Defendant engaged in debt collection communications with before 8:00 a.m. and/or after 9:00 p.m. since one year prior to April 4, 2023 2023.

52. The Class satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure for maintaining a class action:

- the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons with whom Defendant engaged in debt collection activities that violate specific provisions of the FDCPA and/or the California Rosenthal Act as discussed above.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Defendant violated various provisions of the California Rosenthal Act, including, but not limited to the above cited sections of the FDCPA, and subsections cited therein, as that sections and subsection are incorporated by the California Rosenthal Act;

    c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief, enjoining Defendant from continuing its illegal collection activities.

53. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

54. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

55. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

56. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

57. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, Defendant will continue to reap and retain the proceeds of their ill-gotten gains; and

58. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

//

//

//

# CAUSES OF ACTION

## Count I
### Violation of the Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. §§ 1692, et seq.

59. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

60. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

61. As a result of each and every violation of the FDCPA, Plaintiff and each member of the Class is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Count II
### Violation of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)
### Cal. Civ. Code §§ 1788, et seq.

62. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

63. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788, et seq.

64. As a result of each and every violation of the Rosenthal Act, Plaintiff and each member of the Class is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself individually and on behalf of all others similarly situated, demands judgment against Defendant as follows:

- Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative of the Class(es) defined herein or as certified by the Court, and appointing Plaintiff's counsel as Class Counsel;
- Awarding Plaintiff and each member of the Class maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;
- Awarding Plaintiff and each member of the Class maximum statutory damages pursuant to Cal. Civ. Code § 1788.30(b) of the California Rosenthal Act;
- Awarding Plaintiff and the Class injunctive relief;
- Awarding pre-judgment interest and/or post-judgment interest to the extent permitted by law;
- Awarding reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA and/or Cal. Civ. Code § 1788.30(c) of the California Rosenthal Act; and
- Awarding Plaintiff and each member of the Class any such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

65. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: May 25, 2023

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/ Abbas Kazerounian*
ABBAS KAZEROUNIAN, ESQ.
DAVID J. MCGLOTHLIN, ESQ.
MONA AMINI, ESQ.

*Attorneys for Plaintiff*