1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LISA GUTIERREZ,                          No.  2:23-cv-00988 AC

12              Plaintiff,

13         v.                                  ORDER

14    WEBCOLLEX, LLC,

15              Defendant.

16

17         Before the court is a motion to withdraw as counsel for defendant Webcollex, LLC, filed

18    by attorney Gregory A. Ferren.  ECF No. 25.  The motion seeks withdrawal not of Mr. Ferren but

19    of the law firm Gordon Rees Scully Mansukhani, LLP.  Id. at 1; see also ECF No. 25-1 at 1

20    ("Current counsel of record for Webcollex, GORDON REES SCULLY MANSUKHANI, LLP

21    ('Gordon Rees'), hereby requests leave to withdraw as its counsel.").

22         Gordon Rees does not represent the defendant company, however; Mr. Ferren and his

23    colleague James McDaniel do.  Mr. McDaniel appeared on behalf of Webcollex on September 28,

24    2023.  ECF No. 9.  Mr. Ferren filed a notice of appearance on May 2, 2024.  ECF No. 23.[1]

25    Accordingly, both Mr. McDaniel and Mr. Ferren are currently counsel of record for Webcollex.

26

27    _____

      [1]  Although both the notice of appearance and the motion to withdraw indicate that Mr. Ferren,
      like Mr. McDaniel, is with Gordon Reese, the docket indicates postal and email addresses for The

28    Law Offices of Gregory A. Ferren, located in Kapolei, Hawaii.

                                              1

1   Mr. Ferren filed the instant motion to withdraw six days after appearing in this case.  ECF No. 25.

2        Local Rule 182(b) provides:

3           **Attorneys Within Organizations**.  Appearances as an attorney of
4   record shall not be made in the name of a law firm, organization,
    public entity, agency, or department. <u>See</u> Fed. R. Civ. P. 11.  When
    an attorney is employed or retained by a law firm, organization,
5   public entity, agency, or department, however, the attorney may
    participate in an action… if another person employed or retained by
6   the same law firm, organization, public entity, agency, or department
    is attorney of record in the action.

7

8        Because only individual attorneys practice law and may serve as counsel of record, any

9   motion to withdraw as attorney of record must be made by the individual attorneys.  A firm

10  cannot be granted leave to withdraw because it, as an entity, was never counsel of record.

11  For this reason, the present motion will be denied without prejudice to a motion to withdraw by

12  counsel personally.

13       The court notes that withdrawal of counsel which leaves a corporate entity unrepresented

14  presents special problems, because an entity may not appear in pro se but must be represented by

15  counsel.  <u>Reading Int'l, Inc. v. Malulani Grp., Ltd</u>., 814 F.3d 1046, 1053 (9th Cir. 2016).  If no

16  substitute counsel appears on behalf of Webcollex, it will lose its right to defend itself and to

17  prosecute any counterclaims in this case.  Accordingly, any motion to withdraw should be

18  accompanied by a declaration that principals and/or representatives of Webcollex have been

19  notified of the motion (or that counsel have made diligent efforts to provide such notification to

20  the appropriate persons).  Such motion should be calendared for hearing pursuant to the Local

21  Rules, and any principals and/or representatives of Webcollex shall have the opportunity to

22  appear.

23       The motion to withdraw at ECF No. 25 is DENIED without prejudice to a motion brought

24  by and on behalf of counsel of record.

25       IT IS SO ORDERED.

26  DATED: June 12, 2024

27  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

28

               2