1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LISA GUTIERREZ, individually and on          No.  2:23-cv-00988 AC
     behalf of all others similarly situated,
12
                     Plaintiff,
13                                                 ORDER
              v.
14
     WEBCOLLEX, LLC d/b/a CKS Financial.,
15
                     Defendant.
16

17

18          This case is before the undersigned for all purposes on the consent of the parties.  ECF

19   No. 16.  Plaintiff filed this case as a putative class action pursuant to Rule 23 of the Federal Rules

20   of Civil Procedure on behalf of herself and all other similarly situated individuals with whom

21   defendant engaged in similar debt collection activities, which plaintiff alleges are in violation of

22   the Fair Debt Collection Practices Act and the Rosenthal Act.  ECF No. 1.  On July 17, 2024,

23   plaintiff moved to certify and represent two classes, defined as follows:

24          (1) National Class

25                  All consumers with whom Defendant engaged in debt collection
                    communications  […]  utilizing  an  initial  written  collection
26                  communication substantially similar to the e-mail sent to Plaintiff
                    since (1) one year prior to March 27, 2023.
27

28

                                                  1

1        (2) <u>California Sub-Class</u>

2            All consumers in the State of California with whom Defendant
             engaged in debt collection activities […] utilizing an initial written
3            collection communication substantially similar to the e-mail sent to
             Plaintiff since (1) one year prior to March 27, 2023.
4

5    ECF No. 28-1 at 6.  Defendant opposed the motion.  ECF No. 33.  Plaintiff submitted a reply.

6    ECF No. 34.[1]

7                               **I.    BACKGROUND**

8            Plaintiff filed her complaint on May 25, 2023, alleging that defendant Webcollex, LLC

9    d/b/a CKS Financial ("Webcollex") committed violations of The Fair Debt Collection Practices

10   Act, 15 U.S.C. §§ 1692, et. seq. and The California Rosenthal Fair Debt Collection Practices Act,

11   Cal. Civ. Code §§ 1788, et. seq.  Plaintiff alleges that Webcollex sent her an email dated March

12   27, 2023 in an attempt to collect a debt.  ECF No. 1 at ¶ 28.  Relevant to the instant motion,

13   plaintiff alleges that the email violated applicable law in two ways.  First, the communication

14   violated 15 U.S.C. § 1692g(a)(4) by failing to provide "a statement that if the consumer notifies

15   the debt collector in writing within the thirty-day period that the debt or any portion thereof is

16   disputed the debt collector will obtain verification of the debt or a copy of a judgment against the

17   consumer and a copy of such verification or judgment will be mailed to the consumer by the debt

18   collector."  <u>Id.</u> at ¶ 34.  Second, the communication failed to provide the required notice of

19   debtor's rights as prescribed in Cal. Civ. Code § 1812.700(a,) in the manner prescribed by

20   California law, thus violating the Rosenthal Act.  <u>Id.</u> at ¶ 37.

21                             **II.    LEGAL STANDARDS**

22           Class action litigation is "an exception to the usual rule" that only individual named

23   parties bring and conduct lawsuits.  <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 348 (2011)

24   (citation and internal quotation marks omitted).  Only if a class action "promot[es] ... efficiency

25

26   [1]  On July 25, 2024, defense counsel moved to withdraw from this case following notification that
     defendant Webcollex was ceasing operations as of March 31, 2024.  ECF No. 31-1 at 2.  Counsel
27   was permitted to withdraw, and the corporate defendant is currently unrepresented.  ECF No. 37.
     The motion for class certification had been fully briefed and was submitted for decision at the
28   time defense counsel withdrew.

                                           2

and economy of litigation," should a motion for certification be granted.  <u>Crown, Cork & Seal Co. v. Parker</u>, 462 U.S. 345, 349 (1983).  In evaluating a motion for class certification, a court considers whether class litigation promotes "economies of time, effort, and expense, and ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Fed. R. Civ. P. 23(b)(3) advisory committee's note to 1966 amendment.  Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. § 1692k(a) and (b) for FDCPA class action cases.  <u>See</u> <u>Abels v. JBC Legal Group, P.C.</u>, 227 F.R.D. 541, 544 (N.D. Cal. 2005).

Class certification is governed by Federal Rule of Civil Procedure 23.  "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, 178 (U.S. 1974).  "[I]t is well established that for purposes of class certification, the moving party does not need to establish a likelihood of prevailing on the merits." <u>McKenzie v. Fed. Exp. Corp.</u>, 275 F.R.D. 290, 297 (C.D. Cal. 2011).  Under Rule 23(c)(5), for purposes of certification, a subclass is treated exactly like a class.  To be certified, a putative class must meet the threshold requirements of Rule 23(a) and the requirements of one of the subsections of Rule 23(b), which defines three types of classes.  <u>Leyva v. Medline Indus. Inc</u>., 716 F.3d 510, 512 (9th Cir. 2013).

Rule 23(a) sets forth the following prerequisites required for any class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  <u>See</u> Fed. R. Civ. P. 23(a); <u>Hanon v. Dataproducts Corp.</u>, 976 F.2d 497, 508 (9th Cir. 1992).  These requirements are referred to as numerosity, commonality, typicality, and adequacy.  <u>See</u> <u>In re Live Concert Antitrust Litig.</u>, 247 F.R.D. 98, 105 (C.D. Cal. 2007).  Once subdivision (a) is satisfied, the party seeking certification must demonstrate that the action falls into one of three categories under Rule 23(b).  <u>In re Adobe Sys., Inc. Sec. Litig.</u>, 139 F.R.D.

3

1    150, 153 (N.D. Cal. 1991).  These requirements are known as (1) predominance and (2)

2    superiority. Id.

3          "The party seeking class certification bears the burden of demonstrating that the

4    requirements of Rules 23(a) and (b) are met."  United Steel, Paper & Forestry, Rubber, Mfg.

5    Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 593

6    F.3d 802, 807 (9th Cir. 2010).  Rule 23 embodies more than a "mere pleading standard."  Wal-

7    Mart Stores, Inc., 564 U.S. at 350.  The moving party must "prove that there are in fact

8    sufficiently numerous parties, common questions of law or fact, etc."  Id.  The court must verify

9    the putative class's "actual, not presumed, conformance with Rule 23(a) ...."  Gen. Tel. Co. of

10   Sw. v. Falcon, 457 U.S. 147, 160 (1982).  This inquiry may overlap with consideration of the

11   merits of the plaintiffs' substantive claims.  Wal-Mart Stores, Inc., 564 U.S. at 351–52.  Indeed,

12   "a district court must consider the merits if they overlap with the Rule 23(a) requirements."  Ellis

13   v. Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011).

14                             **III.    ANALYSIS**

15         The parties dispute whether the numerosity requirement is satisfied.  The undersigned

16   finds that it is not.  "While there is no fixed number that satisfies the numerosity requirement, as a

17   general matter, a class greater than forty often satisfies the requirement, while one less than

18   twenty-one does not."  Ries v. Arizona Beverages USA LLC, 287 F.R.D. 523, 536 (N.D. Cal.

19   2012).  To establish numerosity, plaintiff relies exclusively on defendant's response to a request

20   for admission.  The request and response at issue state as follows:

21   REQUEST NO. 13:

22          Admit that Defendant sent an initial written communication
            substantially similar to the written communication referenced in
23          Plaintiff's Class Action Complaint to more than forty (40)
            individuals within the last year prior to Plaintiff's filing of the
24          Complaint in this action.

25   RESPONSE TO REQUEST NO. 13:

26          Admit that Defendant sent an initial written communication
            substantially similar to the written communication referenced in
27          Plaintiff's Class Action Complaint to more than forty (40)
            individuals within the last year prior to Plaintiff's filing of the
28          Complaint in this action.

                                    4

1  Plaintiff's Exhibit "1" ¶¶ 4-5.  Defense counsel argues that the response is vague at best and

2  appears to be a drafting error in which in-house defense counsel copied and pasted the question

3  into the response field.  ECF No. 33 at 3-4.  Plaintiff argues that the response is an admission and

4  defense counsel cannot avoid the consequences of that admission, and that plaintiff is not required

5  to establish a specific number of class members, but instead draw a reasonable inference from the

6  available facts.  ECF No. 34 at 4-5.

7        The responses to plaintiff's first set of requests for admission are attached as an exhibit to

8  plaintiff's counsel's declaration at ECF No. 28-2.  A review of this document reveals that for

9  requests 1-9, defendant responded with simply an "admit" or "deny."  For questions 10-13, the

10  text of the "request" is copied verbatim into the "response" section.  The request number then

11  jumps from 13 to 16, and for requests 16 and 17, defendant responded "After reasonable inquiry,

12  the information known or readily obtainable by defendant is insufficient to enable the defendant

13  to admit or deny.  And on that basis, defendant denies the request for admission."  ECF No. 28-2

14  at 22.  The "responses" to questions 10-13 are inexplicable and nonsensical.

15        Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, "[a] matter is admitted

16  unless, within 30 days after being served, the party to whom the request is directed serves on the

17  requesting party a written answer or objection addressed to the matter and signed by the party or

18  its attorney."  The Rule goes on to state that unless a matter is admitted, "the answer must

19  specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.

20  A denial must fairly respond to the substance of the matter; and when good faith requires that a

21  party qualify an answer or deny only a part of a matter, the answer must specify the part admitted

22  and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Here, the "answer" is not plainly an

23  admission or a denial, but an inadequate response.  Nonetheless, pursuant to the Rule, the court

24  could fairly construe the answer as an admission.  However, even if Request for Admission 13

25  were deemed fully admitted, numerosity would not be established.

26        First, Request for Admission 13 does not contain any specific reference to written

27  communications sent to potential plaintiffs within California.  Accordingly, plaintiff cannot even

28  arguably meet her burden as to the California sub-class.

5

1    Second, the court agrees with defendants that even an admission to sending over 40

2 "substantially similar" written communications is not sufficient for plaintiff to meet its burden on

3 this motion.  The term "substantially similar" was not defined in the request for admissions, and it

4 is too vague to support class certification.  A communication to other consumers may have been

5 "substantially" similar in that it similarly sought to collect a debt from similarly situated debtors,

6 without necessarily suffering from the same legal defects alleged in the complaint.  There has

7 been no admission that defendant sent communications to over 40 individuals seeking to collect a

8 debt and omitting the specific language at issue.  Plaintiff could have drafted requests for

9 admission specifically addressing the violations of law she identifies in the communication that

10 she received, but she did not do so.  As it stands, the admission on which plaintiff relies as her

11 sole evidence of numerosity is simply not sufficient.  The complaint does not indicate that

12 plaintiff has any information regarding the number of letters defendant sent that suffered from the

13 same alleged legal defects, or the size of the putative class.  Plaintiff has therefore not met her

14 burden to establish numerosity.

15                                  **IV.    CONCLUSION**

16    Because plaintiff has not shown that the class is so numerous that joinder of all members

17 is impracticable, no class can be certified at this time.  The motion to certify class (ECF No. 28) is

18 therefore DENIED.

19    IT IS SO ORDERED.

20 DATED: October 17, 2024

21                                                    ALLISON CLAIRE
                                                      UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28