UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA GUTIERREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEBCOLLEX, LLC,<br><br>　　　　Defendant. | No. 2:23-cv-0988 AC<br><br>ORDER TO SHOW CAUSE |

　　　　Plaintiff filed her complaint May 25, 2023, and defendant initially appeared with counsel and answered. ECF Nos. 9, 12. The parties consented to the undersigned hearing this case for all purposes and the case was reassigned accordingly on October 18, 2023. ECF No. 16. On May 7, 2024, defense counsel moved to withdraw from the case and the request was ultimately granted on August 29, 2024. ECF No. 37. On December 3, 2024, plaintiff moved to strike defendant's answer so that default against defendant could be entered. ECF No. 40. The motion was granted on January 14, 2025, and the Clerk of Court entered default against defendant. ECF No. 42, 43. Plaintiff has not taken any action in this case since entry of default.

　　　　The court notes that the Clerk's entry of default is not an entry of default judgment against the defendant but instead a prerequisite to filing a motion for default judgment. If the plaintiff is granted entry of default by the Clerk of the Court, plaintiff may apply to the court to obtain a default judgement. Fed. R. Civ. Proc. 55(b)(2). Plaintiff must file a motion for entry of default

1

judgment and notice the motion for hearing before the undersigned pursuant to Local Rule 230. Plaintiff should also note that "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Default judgments are ordinarily disfavored. Id. at 1472. Generally, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is Ordered to Show Cause, in writing no later than April 2, 2025, why this action should not be dismissed for failure to prosecute.
2. Plaintiff's filing of a motion for default judgment will be deemed good cause shown and will discharge this order.

3. If plaintiff fails to comply with this order, the case will be dismissed.

DATED: March 18, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE