UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA GUTIERREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WEBCOLLEX, LLC d/b/a CKS Financial,<br><br>Defendant. | No. 2:23-cv-0988 AC<br><br><br>ORDER |

This matter is before the court on plaintiff's motion for default judgment. ECF No. 45 The case is before the undersigned for all purposes on the consent of the parties. ECF No. 16.[1] The motion was taken under submission on the papers. ECF No. 46. For the reasons set forth below, the motion is GRANTED, and judgment shall be entered in favor of plaintiff.

## I.   Relevant Background

Plaintiff initiated this action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. (the "Rosenthal Act" or "RFDPCA"), a state statute modeled after the FDCPA, by filing a complaint with the court on May 25, 2023 against defendant. ECF No. 1. After defendant's prior counsel failed to execute a request for waiver of service, on September 7, 2023, defendant was served with the Summons and Complaint in this action, as shown by

---

[1] As the procedural history indicates, consent to magistrate judge jurisdiction was obtained prior to the conduct constituting default.

1

the Proof of Service that plaintiff filed with this court September 28, 2023. ECF No. 7. Later in this litigation, defendant's counsel filed a motion to withdraw as counsel for defendant, which the court ultimately granted. ECF No. 37. Thereafter, on December 3, 2024, plaintiff filed Motion to Strike Defendant's Answer and enter default against defendant in light of defendant's status as a corporation or LLC which cannot represent itself in court, and the lack of any new counsel appearing in the action on defendant's behalf. ECF No. 40.

On January 14, 2025, the court issued an order granting Plaintiff's Motion to Strike Defendant's Answer and ordering the Clerk to enter default against Defendant. ECF No. 42. The Clerk's Entry of Default was issued as to Defendant on January 14, 2025. ECF No. 43. Plaintiff moved for entry of default judgment on all counts on April 2, 2025. ECF No. 45.

## II.     Motion

Plaintiff now moves for default judgment on all counts, seeking statutory damages of $1,000 under the FDCPA (ECF No. 1 at ¶ 61), $1,000 under the Rosenthal Act (Id. ¶ 64), along with an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c) (Id. ¶¶ 61, 64).

## III.    Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum

>of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B. The Eitel Factors

1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment because it would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

In the complaint, plaintiff alleges that she is a natural person from whom a debt collector sought to collect a consumer debt and is a debtor as that term is defined by California Civil Code § 1788.2(h). ECF No. 1 at 3. Plaintiff is also allegedly obligated to pay a debt and is a consumer as that term is defined by 15 U.S.C. § 1692a(3). Id. Defendant is a Limited Liability Company organized under the laws of the State of Virginia, and is a self-described debt collector as defined by U.S.C. §1692a(6). Id. Beginning on or around March 27, 2023, defendant began initiating collection communications to plaintiff in attempts to collect upon an alleged debt. Id. at 5. Specifically, on March 27, 2023, defendant sent plaintiff a written collection communication via e-mail in attempt to collect upon an alleged debt from plaintiff.

In this initial communication, defendant represented to plaintiff that "On 12/29/2022, the referenced account was placed with [Defendant's] office for collection" and demanded "payment in full" or alternatively instructed Plaintiff to "contact [Defendant's] office to discuss payment arrangements available on your account." Id. at 5. This collection communication from defendant failed to advise plaintiff of any right to dispute, or request verification of, the alleged debt. Id. On or around April 4, 2023, at approximately 4:52 a.m., defendant sent a text message to plaintiff on plaintiff's cellular telephone, in attempt to collect upon the alleged debt from plaintiff. Id. Plaintiff filed this case as a putative class action, for violations of the Fair Debt Collections Practices Act and/or the Rosenthal Act. Id. at 8-9. Class certification was denied on October 18, 2024, and plaintiff now proceeds on her own behalf. ECF No. 38. Following entry of default, the court takes the complaint's well-pleaded allegations regarding liability as true. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

////

          a. <u>Fair Debt Collection Practices Act</u>

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" <u>Gonzales v. Arrow Fin. Servs., Inc.</u>, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). Under §§ 1692d and 1692d(5) of the FDCPA, it is a violation for a debt collector to engage in conduct the natural consequence of which is to harass, oppress, and abuse the consumer. Further, it is a violation of the FDCPA for a debt collector to communicate with a consumer to collect a debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C.A. § 1692c.

To state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. <u>Pratap v. Wells Fargo Bank, N.A.</u>, 63 F.Supp.3d 1101, 1113 (N.D. Cal. 2014). The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices. <u>Id.</u> at 1060–61. "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." <u>Id.</u> (citing <u>McCollough v. Johnson, Rodenburg & Lauinger, LLC</u>, 637 F.3d 939, 948 (9th Cir. 2011)).

Plaintiff's allegations, which the court accepts as true for purposes of plaintiff's motion for default judgment, <u>see</u>, <u>e.g.</u>, <u>Cripps</u>, 980 F.2d at 1267, are sufficient to establish that defendants, acting as a "debt collector," engaged in conduct the natural consequence of which was to harass and mislead plaintiff, in violation of the FDCPA at §§ 1692d and 1692. These allegations support a successful FDCPA claim and the merits of this claim thus favor entry of default judgment.

b.  Rosenthal Act

The Rosenthal Act is the "state version of the FDCPA." Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012). Section 1788.17 of the Rosenthal Act provides that, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17. In sum, Section 1788.17 "mimics or incorporates by reference the FDCPA's requirements ... and makes available the FDCPA's remedies for violations." Riggs, 681 F.3d at 1100 (citing Cal. Civ. Code § 1788.17). Thus, whether an act violates the Rosenthal Act turns on whether it violates the FDCPA. Id., see also, Barria v. Wells Fargo Bank, N.A., No. 2:15-cv-01413-KJM-AC, 2016 WL 474319, at *4 (E.D. Cal. Feb. 8, 2016) ("[C]onduct by a debt collector that violates the FDCPA violates the Rosenthal Act as well." (citations omitted)). The undersigned has found that plaintiff's allegations support a meritorious claim that defendant violated the FDCPA. Accordingly, the merits of plaintiff's Rosenthal Act claim likewise favor entry of default judgment.

3.  Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Here, plaintiff seeks statutory damages of $1,000 under the FDCPA, $1,000 under the Rosenthal Act, and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c). ECF No. 45-1 at 16. The amount at issue is proportionate to the seriousness of defendant's conduct and this factor favors entry of default judgment.

4.  Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims. The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-

pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177. This factor favors entry of default judgment.

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. In his motion to withdraw, defendant's former counsel indicated that he was unable to contact any representative of the defendant LLC, which is now defunct, despite good faith efforts to provide the required notice of his intent to withdraw. See ECF No 31-1 (declaration of counsel attesting to defendant's dissolution and counsel's unsuccessful attempts to contact a representative of the former LLC); ECF Nos. 36 (updated declaration of counsel attesting that certified mail sent to client was returned as undeliverable), 36-1 (copy of returned mail envelope). The motion for default judgment was served on defendant. ECF No. 45 at 3. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant failed to defend in this action. Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

////

7

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant. What remains is the determination of the terms of judgment.

### C. Terms of Judgment

A plaintiff seeking default judgment "must ... prove all damages sought in the complaint." Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F.Supp.2d 1038, 1046 (N.D. Cal. 2010)). The court looks to plaintiff's "declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." United States v. Yermian, Case No. SACV 15–0820–DOC (RAOx), 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016) (internal citations omitted). "[A] default judgment must be supported by specific allegations as to the exact amount of damages asked for in the complaint." Philip Morris USA, Inc., 219 F.R.D. at 499. "[I]f the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." Id. at 498 (internal citations omitted). It is appropriate to enter default judgment for money without a hearing when "the amount claimed is a liquidated sum or capable of mathematical calculation." Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981).

### 1. Statutory Damages

Plaintiff requests $1,000 in statutory damages under the FDCPA and $1,000 in statutory damages under the Rosenthal Act. ECF No. 45 at 9. Under the FDCPA, Section 1692k(a)(2)(A), a plaintiff may claim up to $1,000 in statutory damages. Statutory damages are limited to $1,000 per action. See Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1178 (9th Cir. 2006). Courts consider the following factors, "among other relevant factors," in determining the appropriate amount of statutory damages under Section 1692k(a)(2)(A): (1) "the frequency of noncompliance by the debt collector," (2) "the nature of such noncompliance," and (3) "the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Plaintiff is entitled to the full amount of statutory damages under the FDCPA, Section 1692k(a)(2)(A). Plaintiff alleges that defendant contacted her repeatedly at inconvenient hours (e.g., 4:52 a.m.) and did not provide

1  required disclosures.  ECF No. 45 at 9.  These communications and aggravated circumstances
2  warrant the full penalty provided under the law.
3      Turning next to plaintiffs' request for statutory damages under the Rosenthal Act,
4  California Civil Code Section 1788.30(b), the court notes that this statute provides for an award
5  of statutory damages of "not ... less than one hundred dollars ... nor greater than one thousand
6  dollars."  "[U]nlike the FDCPA, the Rosenthal Act premises any award of statutory damages on
7  the defendant's state of mind."  Davis v. Hollins Law, 25 F.Supp.3d 1292, 1296 (E.D. Cal. 2014).
8  Specifically, a debt collector must "willfully and knowingly" violate the Rosenthal Act to warrant
9  a recovery of statutory damages under 1788.30(b).  Id. (quoting Cal. Civ. Code § 1788.30(b).
10 The Ninth Circuit has held that "[t]he Rosenthal Act's remedies are cumulative, and available
11 even when the FDCPA affords relief."  Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1069
12 (9th Cir. 2011).
13     Plaintiff alleges that defendant called her repeatedly, and its actions "were deliberate,
14 willful violations of the FDCPA and Rosenthal Act calculated to coerce Plaintiff into payment of
15 an alleged debt, through false, deceptive, and misleading representations."  ECF No. 45 at 16.
16 The court concludes that the allegations are sufficient to support a full award of statutory damages
17 under the Rosenthal Act.
18     2.   Attorney's Fees and Costs
19     Plaintiff furthers seek an award of reasonable attorney's fees and costs. ECF No. 45-1 at
20 15.  The FDCPA provides that any debt collector who fails to comply with its provisions is liable
21 "in the case of any successful action ... [for] the costs of the action, together with a reasonable
22 attorney's fee as determined by the court."  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978
23 (9th Cir. 2008) (quoting 15 U.S.C. § 1692k(a)(3)).  The language of the FDCPA renders the
24 award of attorney's fees and costs mandatory rather than discretionary.  Id.
25     First, plaintiffs submit documentation of costs in the amount of $512.89, reflecting the
26 civil filing fee and cost of service of process. ECF No. 45–2 at 7.  Upon review, the court finds
27 the submitted costs reasonable for recovery.
28

9

Second, plaintiffs request attorney's fees in the amount of $40,101.50, reflecting 57.7 attorney hours of services at a rate of $659.00 per hour. ECF No. 45-2 at 9-13. Although an award of attorney's fees is mandatory under the FDCPA, the awarded fees must still be reasonable. In calculating the reasonable fee award, courts are instructed to use the "lodestar method." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). The lodestar method involves multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003) (citation omitted). The district court must determine a reasonable hourly rate, accounting for the experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees in the community; and the novelty or the difficulty of the question presented. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). Generally, the forum district represents the relevant legal community. Shirrod v. Dir., Office of Workers' Comp. Programs, 809 F.3d 1082, 1087 (9th Cir. 2015).

Plaintiff cites various cases from the Central District of California to justify her requested rates. ECF No. 45-2 at 6. The requested rate is excessive for this district. An October 2024 FDCPA case in the Eastern District of California analyzed local rates and concluded that for attorneys with more than 20 years of experience, an hourly rate of $400.00 per hour is appropriate. Murray v. Portfolio Recovery Assocs., LLC, No. 1:22-CV-01449-KJM-SKO, 2024 WL 4495156, at *3 (E.D. Cal. Oct. 15, 2024)). The court finds this rate appropriate for counsel in this case. This reduction is further justified because the court finds that this case was not legally complicated. Accordingly, the court finds an award in the amount of $23,080.00 appropriate ($400 x 57.7 = $23,080.00).

### IV.   Conclusion

It is HEREBY ORDERED THAT:

1. Plaintiff's April 2, 2025 motion for default judgment (ECF No. 45) is GRANTED;

2. The court awards plaintiff $2,000.00 in statutory damages, $512.89 in costs, and $23,080.00 in attorney's fees; and

////

3. Judgment shall be entered in favor of plaintiff and this case shall be closed.

DATED: May 15, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE